STATE OF NORTH CAROLINA v. JAMES HAROLD JOHNSON

No. 7028SC298

(Filed 5 August 1970)

Criminal Law § 26— plea of former jeopardy
    A judgment of dismissal in a prior prosecution charging defendant with the felonious breaking and entering of the premises occupied by one Lloyd R. Montgomery will not support defendant's plea of former jeopardy in a new prosecution charging defendant with the felonious breaking and entering of premises occupied by one Elvira C. Montgomery, the prosecutions having charged different offenses.

APPEAL by defendant from Grist, J., 26 January 1970 Criminal Session of BUNCOMBE Superior Court.

At the 3 November 1969 Session of Buncombe Superior Court defendant was brought to trial upon an indictment charg-

ing him with having committed on 7 July 1969 the offense of breaking and entering "a certain storehouse, shop, warehouse, dwelling house and building occupied by one Lloyd R. Montgomery, 648 Swannanoa River Road, Asheville, N. C., wherein merchandise, chattels, money, (etc.), . . . were being kept, . . . with intent to steal, take, and carry away the merchandise, (etc.), . . . of the said Lloyd R. Montgomery, 648 Swannanoa River Road, Asheville, N. C." At the close of the State's evidence, defendant's motion to dismiss was granted on the grounds that there was a variance between the allegations in the indictment and the evidence as to ownership of the property involved, the court finding that it was alleged in the indictment that the property was owned by Lloyd R. Montgomery and the evidence showing that it was owned jointly with his wife, Elvira Lucile Montgomery. The motion to dismiss was granted "with leave of the Solicitor to draw another bill." Thereafter at the 3 December 1969 Session, the grand jury returned a true bill charging defendant with having committed on 7 July 1969 the offense of breaking and entering "a certain dwelling house and building occupied by one Elvira L. Montgomery, 438 Swannanoa River Road, Asheville, North Carolina wherein merchandise, chattels, money, (etc.), . . . were being kept, . . . with intent to steal, take and carry away the merchandise, chattels, money, valuable securities and other personal property of the said Elvira L. Montgomery. . . ." Defendant was brought to trial upon this latter bill of indictment at the 26 January 1970 Session of Buncombe Superior Court. He pleaded not guilty, was found guilty by the jury, and from judgment imposing prison sentence on the verdict, he appealed to the Court of Appeals.

    *Attorney General Robert Morgan and Trial Attorney Fred P. Parker III, for the State.*

    *Sanford W. Brown for defendant appellant.*

PARKER, J.

    Appellant assigns as error the refusal of the trial court to sustain his plea of former jeopardy. There is no merit to this assignment of error. Evidence for the State, both at the November 1969 trial and at the subsequent January 1970 trial from which this appeal was taken, was to the effect that defendant had broken and entered premises at 438 Swannanoa River Road in Asheville which was occupied by one Elvira L. Montgomery,

who was engaged in business under the name of "Cat and Fiddle Restaurant." The indictment under which defendant had been tried at the November 1969 Session of court charged a different offense, having charged the defendant with breaking and entering premises located at 648 Swannanoa River Road, Asheville, N. C., occupied by one Lloyd R. Montgomery. The prior prosecution, having been for a different offense, judgment of dismissal therein would not sustain a plea of former jeopardy when defendant was brought to trial upon a new bill of indictment charging him with felonious breaking and entering of premises at a different location. *State v. Stinson*, 263 N.C. 283, 139 S.E. 2d 558; *State v. Hicks*, 233 N.C. 511, 64 S.E. 2d 871. The fact that the trial judge at the first trial granted nonsuit by reason of a fatal variance between the allegations in the indictment and the proof as to "ownership of the property involved," rather than for fatal variance between the allegations in the indictment and the proof as to the location of the premises which had been broken and entered, is not material. In any event the two indictments charged different offenses, and a judgment of dismissal for whatever reason entered after a trial on the first indictment would not sustain a plea of former jeopardy when defendant was brought to trial on the charge contained in the second indictment.

We have examined appellant's remaining assignments of error, most of which relate to the judge's charge to the jury, and find them to be without merit.

No error.

CAMPBELL and VAUGHN, JJ., concur.