STATE OF NORTH CAROLINA v. TERRIS LEE EDMONDSON

No. 601PA84

(Filed 5 March 1986)

**Constitutional Law § 34; Burglary and Unlawful Breakings § 1; Larceny § 1— one
    incident—convictions for breaking or entering and larceny—no double jeopardy**

    Prohibitions in the U. S. and N. C. Constitutions against placing a person
twice in jeopardy did not prohibit defendant's convictions and punishment, in a
single trial, for both felony breaking or entering and felonious larceny based
upon the same breaking or entering.

    Justice BILLINGS did not participate in the consideration or decision of this
case.

    Justice EXUM dissenting.

    Justice FRYE joins in the dissenting opinion.

ON discretionary review of the decision of the Court of Appeals, 70 N.C. App. 426, 320 S.E. 2d 315 (1984) finding no error in the judgment entered by *Preston, J.*, on 14 April 1983 in Superior Court, LENOIR County. Heard in the Supreme Court on 11 March 1985.

The defendant was tried upon proper indictments and convicted by a jury on 14 April 1983 of felonious breaking or entering, felonious larceny, unauthorized use of a conveyance, willful and wanton injury to real property, and two counts of willful and wanton injury to personal property causing more than $200 in damages. The charges were consolidated for judgment, and the trial court sentenced the defendant to a maximum and minimum term of imprisonment of ten years. The defendant appealed to the Court of Appeals which rendered its decision on 18 September 1984 finding no error in the defendant's trial. The Supreme Court allowed the defendant's petition for discretionary review.

*Lacy H. Thornburg, Attorney General, by William N. Farrell, Jr., Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by David W. Dorey, Assistant Appellate Defender, and Louis D. Bilionis, Special Assistant to the Appellate Defender, for the defendant appellant.*

MITCHELL, Justice.

The defendant's sole contention is that prohibitions in the Constitution of the United States and the Constitution of North Carolina against placing a person twice in jeopardy prohibited his convictions and punishment, in a single trial, for both felony breaking or entering, N.C.G.S. § 14-54(a), and felonious larceny based upon the same breaking or entering, N.C.G.S. § 14-72(b)(2). When faced with the identical question in the recent case of *State v. Gardner*, 315 N.C. 444, 340 S.E. 2d 701 (1986), we specifically held that conviction and punishment for both such offenses in a single trial is not prohibited by the provisions of either the Constitution of the United States or the Constitution of North Carolina. For reasons fully discussed in *Gardner*, we conclude that the defendant in the present case received a fair trial free of prejudicial error. The decision of the Court of Appeals is affirmed.

Affirmed.

Justice BILLINGS did not participate in the consideration or decision of this case.

Justice EXUM dissenting.

For the reasons stated in my dissenting opinion in *State v. Gardner*, 315 N.C. 444, 340 S.E. 2d 701 (1986), I dissent here from the majority's resolution of the double jeopardy question.

Justice FRYE joins in this dissenting opinion.