STATE OF NORTH CAROLINA v. DONNA ROWE (NOW PORIETIS)

No. 8530SC1205

(Filed 17 June 1986)

1. **Criminal Law § 9.1— defendant not physically present at crime scene—guilt**

    In a prosecution for murder, robbery, breaking and entering and larceny, evidence was sufficient to be submitted to the jury, though it showed that defendant was not physically present when the offenses were committed, since it tended to show that defendant served as a lookout for the other felons; that she helped plan and agreed to the break-in and larceny, knowing from the declaration of one of her confederates that if anyone surprised them while the crimes were being committed he would be killed; and that both the robbery and murder were committed in furtherance of the agreed to breaking and larceny.

2. **Burglary and Unlawful Breakings § 1; Larceny § 1— breaking or entering with intention to commit larceny—larceny following break-in—separate offenses**

    Breaking or entering with the intention to commit larceny under N.C.G.S. § 14-54 and larceny following a break-in under N.C.G.S. § 14-72 are separate offenses for which punishment can be imposed without violating the constitutional restriction against double jeopardy.

3. **Criminal Law § 9— conviction as both principal and accessory improper**

    Defendant could not be convicted as both a principal and an accessory before the fact and after the fact to various crimes.

4. **Homicide § 31.1; Robbery § 6— murder committed during robbery—punishment for robbery improper**

    Proof of the underlying felony of armed robbery was an essential and indispensable element of the murder charge against defendant and as such could not be the basis for punishment beyond that imposed for the murder of which it was a part.

APPEAL by defendant from *Burroughs, Judge.* Judgments entered 10 May 1984 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 9 April 1986.

*Attorney General Thornburg, by Assistant Attorney General George W. Boylan, for the State.*

*Acting Appellate Defender Hunter, by Assistant Appellate Defender Gordon Widenhouse, for defendant appellant.*

PHILLIPS, Judge.

The defendant was convicted of first degree murder, G.S. 14-17, accessory before the fact of first degree murder, G.S. 14-5, and accessory after the fact of first degree murder, G.S. 14-7; robbery with a dangerous weapon, G.S. 14-87, and accessory after the fact of armed robbery, G.S. 14-5; felonious breaking or entering, G.S. 14-54, felonious larceny, G.S. 14-72, accessory before the fact of felonious breaking or entering and larceny, G.S. 14-5, and accessory after the fact of felonious breaking or entering and larceny, G.S. 14-5; and common law conspiracy to commit breaking or entering and larceny. All the charges concern or arose out of the burglarizing of a doctor's office in Waynesville in 1978 during the course of which one of defendant's three confederates shot, killed and robbed a security guard who entered the office while the larceny was in progress. Though all the convictions cannot stand for the reasons stated below, the insufficiency of evidence is not one of them; for the State's evidence, which includes the testimony of one of her accomplices, tends to establish all of the essential elements of each of the crimes charged.

[1] Nevertheless, defendant maintains that the State's evidence fails to establish her guilt of armed robbery, breaking and entering, larceny and murder largely because it shows that she was not physically present when these offenses were committed, but was waiting outside of the burglarized office in a getaway car, "watching for the law." But to be guilty of these offenses under the circumstances of this case she did not have to be physically present in the office when they were committed; for she was tried on the approved theory that she acted in concert with the direct perpetrators by staying outside the building and rendering aid as their lookout, thereby being constructively present at all times involved. *State v. Oliver*, 309 N.C. 326, 307 S.E. 2d 304 (1983); *State v. Joyner*, 297 N.C. 349, 255 S.E. 2d 390 (1979). This theory is supported by the State's evidence, which shows not only that she served as lookout for the other felons, but that she helped plan

and agreed to the break-in and larceny, knowing from the declaration of one of her confederates that if anyone surprised them while the crimes were being committed he would be killed, and that both the robbery and murder were committed in furtherance of the agreed to breaking and larceny. Thus, the three assignments of error contesting the sufficiency of the evidence are overruled.

[2] While at it we also overrule the assignment contending that her conviction and punishment for both breaking or entering with the intention to commit larceny therein under G.S. 14-54 and larceny under G.S. 14-72 violates the constitutional ban against double jeopardy. This contention flies in the face of several holdings by this Court, and was made, as defendant frankly concedes, in the hope that during the interim our Supreme Court would overrule one of them. But shortly before this case was decided that Court held, as this Court had been holding all along, that breaking or entering with the intention to commit larceny under G.S. 14-54 and larceny following a break-in under G.S. 14-72 are separate offenses for which punishment can be imposed without violating the constitutional restriction against double jeopardy. *State v. Edmondson*, 316 N.C. 187, 340 S.E. 2d 110 (1986).

[3] But the defendant's fall back position—that if the felony convictions as a principal stand the convictions as accessories to those same crimes must fall—is rightly maintained. For in the law of crimes it is fundamental that principals and accessories are two different, mutually exclusive things and that one cannot be both an accessory to and a principal in the same crime. A principal is one who either alone or in concert with others commits or accomplishes a forbidden criminal act or acts, *State v. Small*, 301 N.C. 407, 272 S.E. 2d 128 (1980); while an accessory is one who either before the fact counsels, encourages, instigates or procures *another* to commit a felony—*State v. Sauls*, 291 N.C. 253, 230 S.E. 2d 390 (1976), *cert. denied*, 431 U.S. 916, 53 L.Ed. 2d 226, 97 S.Ct. 2178 (1977)—or after a felony is committed knowingly renders assistance to the *felon. State v. Potter*, 221 N.C. 153, 19 S.E. 2d 257 (1942). Since one cannot aid, counsel, instigate or encourage oneself and doing so could not be a crime in any event, it inherently follows that one participating as a principal in the commission of a felony cannot also be an accessory to the same felony, either before or after the fact. *State v. McIntosh*, 260 N.C. 749, 133 S.E.

2d 652 (1963), *cert. denied,* 377 U.S. 939, 12 L.Ed. 2d 302, 84 S.Ct. 1345 (1964). Thus, since defendant stands convicted as a principal of all the primary felonies, the accessory convictions are fatally inconsistent and must fall, as defendant maintains by seven different assignments of error. But contrary to her contention a new trial is not required, as the subordinate convictions did defendant no prejudice and under authority of *State v. Perry,* 291 N.C. 586, 231 S.E. 2d 262 (1977) can be discarded as surplusage. We therefore arrest judgment on each of the accessory before the fact and accessory after the fact convictions. Before leaving this subject we note that G.S. 14-5.2, which abolished the distinctions between accessories before the fact and principals and requires that the former be treated now as principals, has no application to this case because it was enacted after these crimes were committed. If the statute did apply, though, it would not change the number of convictions that defendant could be punished for; because if she had been charged and convicted as a principal for encouraging and instigating each of the crimes and also charged and convicted as a principal for actually committing them, the extra conviction in each instance would still be invalid since one cannot be twice guilty of the same, identical crime.

[4] Judgment on the armed robbery conviction is also arrested, but for another reason, as defendant correctly maintains. Her conviction of first degree murder is not based on evidence of design or premeditation, but on evidence that the homicide occurred while the felony of robbery from the person was being committed. G.S. 14-17. Thus, proof of this underlying felony was an essential and indispensable element of the murder charge against defendant and as such cannot be the basis for punishment beyond that imposed for the murder of which it was a part. *State v. White,* 291 N.C. 118, 229 S.E. 2d 152 (1976); *State v. Thompson,* 280 N.C. 202, 185 S.E. 2d 666 (1972).

Having ruled on twelve of the seventeen assignments of error defendant brought forward we overrule her five remaining assignments without discussion. In our opinion the errors assigned — failing to specifically instruct on the prior inconsistent statements made by the accomplice who turned State's evidence; permitting the prosecutor to read the Attorney General's grant of immunity to that witness; allowing the prosecutor to cross-examine defendant as to her sincerity as a Christian, which she

professed to be on direct examination; receiving rebuttal evidence as to the character of certain witnesses for the State, most of which testimony was not objected to; and receiving testimony that defendant did not waive extradition from Ohio where she fled to—were not committed, but even if they were they had no substantial effect on the verdicts rendered, and thus would not warrant a new trial in any event. *State v. Loren*, 302 N.C. 607, 276 S.E. 2d 365 (1981). The State's evidence was to the categorical effect that she participated as a principal in the several crimes; the defendant's evidence, which included her testimony and that of several Ohio friends and relatives, was equally positive and to the effect that she had nothing to do with the crimes, was not even in Waynesville when they were committed, but was in a bar in Toldeo, Ohio celebrating her brother's birthday. Our review of the record including the several volumes of transcript leave us with the impression that this sharp conflict in the evidence was resolved against defendant by the jury after a fair trial free of prejudicial error, and that the judgments for murder, breaking or entering, larceny and conspiracy to commit breaking or entering with the intention to commit larceny should not be disturbed.

We add for possible clarification that since none of the judgments include a sentence of death or life imprisonment the appeal is properly in this Court, G.S. 7A-27(b); and that neither party has questioned the validity of any sentence imposed.

No. 79CRS711, first degree murder—No error.

No. 84CRS1774, robbery with a firearm—Judgment arrested.

No. 84CRS1775, breaking or entering; larceny—No error.

No. 84CRS2022, accessory after the fact of murder—Judgment arrested.

No. 84CRS2023, accessory after the fact of robbery with a firearm—Judgment arrested.

No. 84CRS2024, accessory after the fact of breaking or entering and larceny—Judgment arrested.

No. 84CRS2025, accessory before the fact of murder — Judgment arrested.

No. 84CRS2026, accessory before the fact of breaking or entering and larceny — Judgment arrested.

No. 84CRS2031, conspiracy to commit breaking or entering and larceny — No error.

Judges BECTON and EAGLES concur.