STATE OF NORTH CAROLINA v. WILLIAM T. MASON

No. COA04-1565

(Filed 18 October 2005)

**1. Appeal and Error— preservation of issues—failure to raise double jeopardy at trial**

Defendant's failure to raise double jeopardy as the basis of a motion to dismiss at trial precludes consideration of the assignment of error on appeal.

**2. Constitutional Law— effective assistance of counsel—retrial on procedural error—failure to raise double jeopardy at trial—no error**

A claim for ineffective assistance of counsel based on trial counsel's failure to argue that defendant's retrial was double jeopardy lacked merit because defendant could not show a reasonable probability that the indictment would have been dismissed had the motion been argued. Defendant may not be retried if the reversal was based upon the sufficiency of the evidence; here, the defect was procedural.

Appeal by defendant from judgment entered 9 June 2004 by Judge Jack W. Jenkins in Carteret County Superior Court. Heard in the Court of Appeals 8 June 2005.

*Attorney General Roy Cooper, by Assistant Attorney General David N. Kirkman, for the State.*

*Duncan B. McCormick for defendant-appellant.*

STATE v. MASON

[174 N.C. App. 206 (2005)]

ELMORE, Judge.

William T. Mason (defendant) was indicted on 4 March 2002 for possession of a firearm by a felon and for being an habitual felon. A jury found defendant guilty of possession of a firearm by a felon, and defendant was also convicted of being an habitual felon. Defendant appealed, and this Court reversed and remanded defendant's convictions for a new trial in an unpublished opinion filed 20 January 2004. *See State v. Mason*, 162 N.C. App. 360, 590 S.E.2d 477 (2004) (unpublished opinion). The Court held that there was a fatal variance between the indictment and the evidence at trial as to the offense of possession of a firearm by a felon. *See id.* The indictment for possession of a firearm by a felon stated the prior crime as possession with intent to sell and deliver a counterfeit controlled substance, but upon the request of the State defendant stipulated to a prior felony of sale and delivery of a counterfeit controlled substance. *Id.*

During the 7 June 2004 criminal session of Carteret County Superior Court, defendant was tried again for the offenses of possession of a firearm by a felon and being an habitual felon. The State offered into evidence a certified copy of defendant's conviction for possession with intent to sell and deliver a counterfeit controlled substance. The jury returned a guilty verdict on the charge of possession of a firearm by a felon. Defendant entered a guilty plea on the charge of being an habitual felon. Judge Jack W. Jenkins sentenced defendant to a term of 80 months to 105 months imprisonment. Defendant gave notice of appeal in open court.

On 18 January 2005 defendant filed his Brief with this Court and a Motion to Amend Record on Appeal to include an additional assignment of error (ineffective assistance of counsel). The State did not oppose the motion to amend, and this Court allowed the motion on 31 January 2005.

Defendant raises two issues in the instant appeal: (1) whether defendant being retried for the same offenses after reversal by the Court of Appeals violated the Double Jeopardy Clause of the state and federal constitutions; and (2) whether the defense counsel's failure to make a motion to dismiss the indictment charging possession of a firearm by a felon on the basis of double jeopardy constituted ineffective assistance of counsel. We find no error.

[1] Defendant concedes in his brief that defense counsel failed to raise the double jeopardy argument before the trial court.[1] Constitutional issues not raised before the trial may not be asserted on appeal. *See State v. Call,* 349 N.C. 382, 410, 508 S.E.2d 496, 514 (1998). "The constitutional right not to be placed in jeopardy twice for the same offense, like other constitutional rights, may be waived by the defendant . . ." *State v. Hopkins,* 279 N.C. 473, 475-76, 183 S.E.2d 657, 659 (1971). Thus, "the double jeopardy protection may not be raised on appeal unless the defense and the facts underlying it are brought first to the attention of the trial court." *State v. McKenzie,* 292 N.C. 170, 176, 232 S.E.2d 424, 428 (1977). Defendant's failure to raise the double jeopardy violation as a basis for a motion to dismiss at trial precludes our consideration of his assignment of error on appeal. *See State v. Roope,* 130 N.C. App. 356, 362, 503 S.E.2d 118, 123, *disc. review denied,* 349 N.C. 374, 525 S.E.2d 189 (1998); *State v. White,* 134 N.C. App. 338, 342, 517 S.E.2d 664, 667 (1999).

[2] By his other assignment of error, defendant sets forth a claim for ineffective assistance of counsel. Defendant contends that the failure of his trial counsel to move to dismiss the indictment for possession of a firearm by a felon on the ground that a retrial violated the prohibition against double jeopardy constituted ineffective assistance of counsel.

We determine that defendant's claim lacks merit because he cannot show that there is a reasonable probability that the result of the trial would have been different, *see State v. Blackeney,* 352 N.C. 287, 307-08, 531 S.E.2d 799, 814-15 (2000), *cert. denied,* 531 U.S. 1117, 148 L. Ed. 2d 780 (2001), if trial counsel had made a motion to dismiss the indictment on double jeopardy grounds. Defendant appealed his convictions from the first trial and succeeded in having them reversed by this Court. Generally, the protection against double jeopardy does not bar a retrial for the same offenses that a defendant was convicted of if the defendant's convictions were reversed on appeal based upon trial error. *See Burks v. United States,* 437 U.S. 1, 15-16, 57 L. Ed. 2d 1, 12-13 (1978); *Tibbs v. Florida,* 457 U.S. 31, 40-41, 72 L. Ed. 2d 652, 660 (1982). However, if reversal was based upon the sufficiency of the evidence, then the defendant may not be retried consistent with double jeopardy protection. *See Burks,* 437 U.S. at 18, 57 L. Ed. 2d at 14 ("the Double Jeopardy Clause precludes a second trial once the

---

1. Defendant made a motion to dismiss at the close of the State's evidence, arguing that the State failed to show that defendant possessed a firearm. Defendant renewed this motion at the close of all evidence. However, defendant did not present the defense of double jeopardy.

reviewing court has found the evidence legally insufficient"); *State v. Callahan*, 83 N.C. App. 323, 325, 350 S.E.2d 128, 129-30 (1986), *disc. review denied*, 319 N.C. 225, 353 S.E.2d 409 (1987).

> Although a retrial based on a reversal due to trial error is not foreclosed by the Double Jeopardy Clause, it remains well-established that a retrial following reversal *based solely on evidentiary insufficiency* falls within the core of the double jeopardy protection. A reversal based on the legal insufficiency of evidence is, in effect, a determination that the government's case was so lacking that the trial court should have entered a judgment of acquittal rather than submitting the case to the jury.

*United States v. Akpi*, 26 F.3d 24, 25 (4th Cir. 1994) (citing *Burks v. United States*, 437 U.S. 1, 57 L. Ed. 2d 1 (1978)).

Here, the State erred during defendant's first trial in asking for a stipulation from defendant to the crime of sale and delivery of a counterfeit controlled substance instead of possession with intent to sell and deliver a counterfeit controlled substance. Defendant appealed the trial court's judgment entered on his two convictions to this Court and, as a result of this error, was successful in attaining reversal of those convictions. The mere fact that the State asked defendant to stipulate to a prior felony that did not correspond to the prior felony stated in the indictment does not render the error a substantive evidentiary one attributable to the State. Instead, the record reveals an intention by defense counsel, after conferring with defendant, to stipulate to a prior felony and an assumption by the State that this stipulation relieved it of the burden of establishing this element of the possession of a firearm by a felon charge. Under the unique circumstances here, the defect was a procedural one rather than a substantive evidentiary one. As such, the reversal of defendant's convictions by this Court was not a decision that the State failed to establish defendant's criminal culpability that would bar retrial on those offenses. *See Burks*, 437 U.S. at 15, at 57 L. Ed. 2d at 12 (reversal for trial error implies nothing about defendant's guilt or innocence; retrial is not barred under double jeopardy principles). Defendant cannot show a reasonable probability that the indictment would have been dismissed if trial counsel had argued a motion to dismiss on double jeopardy grounds. We overrule defendant's assignment of error regarding ineffective assistance of counsel.

No error.

Judges CALABRIA and GEER concur.