STATE OF NORTH CAROLINA v. AHMED ABDUL RAHAMAN aka SANDY MARSH,
Defendant

No. COA09-586

(Filed 19 January 2010)

### 1. Constitutional Law— double jeopardy—variance between indictment and instruction

The trial court did not err by denying defendant's pretrial motion to dismiss the charge of felonious possession of stolen property on double jeopardy grounds because the trial court's error in the previous trial did not amount to an acquittal of the crime of felony possession of stolen property and defendant could be retried for that offense. N.C.G.S. § 15-173 was inapplicable since the fatal variance in the original trial was between the indictment and the jury instructions instead of between the indictment and the evidence presented.

### 2. Indictment and Information— no fatal variance as to evidence—no defect on face of indictment

The trial court had jurisdiction to retry defendant on the same indictment where the judgment based on that indictment had been arrested by the Court of Appeals but there was no fatal variance as to the evidence, nor was there a defect on the face of the indictment itself.

### 3. Possession of Stolen Property— motion to dismiss—sufficiency of evidence—value of stolen property

The trial court did not err by denying defendant's motion to dismiss the charge of felony possession of stolen property based on alleged insufficient evidence of the value of the stolen property because the evidence, including the testimony of the truck owner and an officer, was sufficient to establish that the stolen vehicle was valued in excess of $1,000 at the time of the theft.

### 4. Evidence— lay opinion testimony—value of stolen property

The trial court did not abuse its discretion in a felonious possession of stolen property case by allowing an officer to testify as to his opinion of the truck's value. The basis or circumstances behind a non-expert opinion affect only the weight of the evidence and not its admissibility.

**STATE v. RAHAMAN**

[202 N.C. App. 36 (2010)]

Appeal by defendant from judgment entered 25 September 2008 by Judge W.O. Smith in Lee County Superior Court. Heard in the Court of Appeals 28 October 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General LaToya B. Powell, for the State.*

*William D. Spence for defendant-appellant.*

HUNTER, Robert C., Judge.

Ahmed Abdul Rahaman ("defendant"), also known as Sandy Marsh, appeals from a jury verdict finding him guilty of felonious possession of stolen property. Subsequent to the conviction, defendant pled guilty to having attained habitual felon status. After careful review, we find no error.

Factual Background

On 10 March 2005, at approximately 3:30 a.m., James Woodell ("Woodell") saw two vehicles parked on the shoulder of the road across from his residence. As he walked further outside of the house, both cars drove away in the direction of Chisholm Street. Woodell walked to the side of the road where the cars had been parked and found two hand carts. He then noticed that his neighbors' covered trailer, which was parked in their yard, had been opened. Upon inspection, it appeared that the padlock on the door of the trailer had been cut off and left on the ground. The trailer contained "Little Debbie" snacks. Woodell then notified his neighbors of what he had discovered and they called the police. Officer Joseph Sellars ("Office Sellars") responded to the call. Woodell described the vehicles he had seen on the corner as a small two-door car and a small red truck. Officer Sellars put out a "be on the lookout order" for the two vehicles described by Woodell.

Later that morning, at approximately 5:00 a.m., Officer Sellars saw a red Toyota truck on Chisolm Street and he began to follow it. Officer Sellars pulled up behind the truck and activated his blue lights. The driver of the truck pulled over at a boarding house on Chisholm Street. As Officer Sellars approached the truck, a man emerged from the passenger side, and Officer Sellars instructed the man to get back into the truck. The man stated that he had to use the bathroom, then proceeded to jump over a nearby fence and run into the woods. There were no other passengers in the truck.

Officer Sellars discovered that the truck was owned by Cyrus Brown ("Brown") and sent a radio request for another officer to go to Brown's house to inquire about the truck. In the truck bed, Officer Sellars found a table saw, tools, and a case of "Little Debbie" snacks. When police spoke with Brown, he was surprised to find that his 1984 Toyota pickup truck was missing. He was escorted by police to the boarding house where he identified the truck as his property.

Officer Sellars testified at trial that the man he saw exit the truck and run away was the same man that he had pulled over in a "vehicle stop" two days prior. After pulling the "booking photograph" from that incident, Officer Sellars identified the suspect as defendant. Defendant was subsequently located and arrested.

## Procedural Background

In October 2006, defendant was brought to trial on various charges, including felony possession of stolen property (the Toyota truck) pursuant to N.C. Gen. Stat. § 14-71.1 (2007). The jury was instructed on the crime of felony possession of a stolen motor vehicle pursuant to N.C. Gen. Stat. § 20-106 (2007), a crime for which defendant was never indicted. The jury returned a verdict of guilty on the crime of felony possession of a stolen motor vehicle. Defendant then pled guilty to having attained habitual felon status and was sentenced to 151 to 191 months imprisonment. Defendant appealed and this Court held, *inter alia*, that the trial court improperly instructed the jury on the charge of felony possession of a stolen motor vehicle where defendant had been indicted for felony possession of stolen property. *State v. Marsh*, 187 N.C. App. 235, 243-44, 652 S.E.2d 744, 749 (2007) (holding the two charges "are separate and distinct statutory offenses"). The Court reasoned:

> The court's charge to the jury was for the offense of possession of a stolen vehicle under N.C. Gen. Stat. § 20-106. By charging the jury under the incorrect statute, the trial court lessened the State's burden of proof by not requiring the State to prove an element which elevated the charge from a misdemeanor to a felony, i.e. that the truck had a value of over $1,000.00.

*Id.* at 244, 652 S.E.2d at 749. The Court then arrested judgment on the felony possession of a stolen motor vehicle conviction and further vacated the judgment imposed for habitual felon status because that

judgment was based on the underlying felony conviction that was arrested. *Id.* at 245, 652 S.E.2d at 750.[1]

On 22 September 2008, defendant was retried for felony possession of stolen property, as alleged in the original indictment, and of having attained habitual felon status. On 25 September 2008, defendant was convicted of felonious possession of stolen property. He then pled guilty to having attained habitual felon status. Defendant was sentenced to 135 to 171 months imprisonment.

## Analysis

### I.

**[1]** First, defendant argues that the trial court erred in denying his pre-trial motion to dismiss the charge of felonious possession of stolen property on double jeopardy grounds. Specifically, defendant contends that when the trial court in the original trial failed to submit the proper jury instructions on the crime of possession of stolen property, it effectively dismissed that charge. Defendant asserts that the trial court's dismissal had the same effect as an acquittal pursuant to N.C. Gen. Stat. § 15-173 (2007), which states that if a motion to dismiss is granted, "judgment shall be entered accordingly; and such judgment shall have the force and effect of a verdict of 'not guilty' as to such defendant." In defendant's prior appeal, this Court did, in fact, hold that the trial court erred in failing to properly instruct the jury and arrested judgment on the felony possession of a stolen motor vehicle conviction. *Marsh,* 187 N.C. App. at 245, 652 S.E.2d at 749. However, we hold that the trial court's error in the previous trial did not amount to an acquittal of the crime of felony possession of stolen property and defendant could be retried for that offense.

The Double Jeopardy Clause of the United States Constitution states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. While "[t]he North Carolina Constitution does not specifically recognize former jeopardy as a defense, . . . [our Supreme] Court has interpreted the language of the law of the land clause of our state Constitution as guaranteeing the common law doctrine of former jeopardy." *State v. Brunson,* 327 N.C. 244, 247, 393 S.E.2d 860, 863 (1990).

---

1. The Court also vacated the judgment for felonious possession of stolen goods (not related to the truck) and remanded for the trial court to sentence defendant for misdemeanor possession of stolen goods; however, that portion of the Court's analysis is not relevant to the issues presently before the Court. *Id.*

This principle of double jeopardy, or former jeopardy, benefits the individual defendants by providing repose; by eliminating unwarranted embarrassment, expense, and anxiety; and by limiting the potential for government harassment. It benefits the government by guaranteeing finality to decisions of a court and of the appellate system, thus promoting public confidence in and stability of the legal system. The objective is to allow the prosecution one complete opportunity to convict a defendant in a fair trial.

*State v. Fowler,* ——N.C. App. ——, ——, 676 S.E.2d 523, 538 (2009) (internal citation and quotation marks omitted).

It is well established that "[t]he Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Gardner,* 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986); *accord State v. Davis,*—— N.C. App. ——, ——, 680 S.E.2d 239, 242 (2009).

In *State v. Midyette,* 270 N.C. 229, 154 S.E.2d 66 (1967), [our Supreme Court] recognized that when a person is acquitted of or convicted and sentenced for an offense, the prosecution is prohibited from *subsequently* (i.e., in a subsequent, separately tried case) indicting, convicting, or sentencing him a second time for that offense, or for any other offense of which it, in its entirety, is an essential element.

*Gardner,* 315 N.C. at 454, 340 S.E.2d at 708.[2] "While the Double Jeopardy Clause thus targets oppressive conduct of government prosecutors in seeking multiple prosecutions or multiple punishments, it has never precluded a second trial for a defendant who has succeeded in getting his first conviction set aside[] . . . . " *U.S. v. Bowe,* 309 F.3d 234, 238 (4th Cir. 2002) (citation and quotation marks omitted).

In the present case, defendant's argument is based on part one of the *Gardner* test, which states that a defendant is protected from "a second prosecution for the same offense after acquittal[.]" *Gardner,* 315 N.C. at 451, 340 S.E.2d at 707. Defendant relies heavily on *State v. Williams,* 318 N.C. 624, 350 S.E.2d 353 (1986), and *State v. Bowen,* 139 N.C. App. 18, 533 S.E.2d 248 (2000) for the proposition that when

---

2. *Gardner* overruled *Midyette* on other grounds. 315 N.C. at 454, 340 S.E.2d at 708.

the trial court incorrectly instructs the jury on a crime for which defendant is not charged, the error amounts to an acquittal of the crime charged and any retrial for that crime violates the Double Jeopardy Clause.

In *Williams*, the defendant was charged with first-degree forcible rape. 318 N.C. at 628, 350 S.E.2d at 356. At the close of evidence at trial, the defendant moved to dismiss the charge due to insufficiency of the evidence and the trial court denied the motion. *Id.* Subsequently, "when [the trial judge] charged the jury[,] he did not instruct them on forcible rape; he instructed only on the offense of vaginal intercourse with a female under thirteen years of age." *Id.* Our Supreme Court determined that

> [n]o evidence was presented [to the trial court] to show that the alleged rape entailed the use of a weapon, the infliction of serious injury or aiding and abetting. Proof of at least one of those elements is necessary to sustain a conviction for first-degree rape . . . the theory of prosecution under which defendant was charged.

*Id.* Therefore, the trial court in *Williams* should have granted the defendant's motion to dismiss due to insufficiency of the evidence, but failed to do so and proceeded to instruct the jury on a crime for which the defendant was not charged. *Id.* The jury returned a verdict of guilty on the offense of first-degree forcible rape, on which they had not been instructed. *Id.* at 624, 350 S.E.2d at 354. The Court held that while there was sufficient evidence to support a charge of vaginal intercourse with a female under thirteen years of age, that was not the theory of rape that was alleged in the indictment. *Id.* at 628, 350 S.E.2d at 356.

> The failure of the trial court to submit the case to the jury pursuant to the crime charged in the indictment *amounted to a dismissal of that charge* and all lesser included offenses. Therefore, we hold that the trial judge did in fact dismiss the first and second-degree rape charges alleged in the indictment.

*Id.* (emphasis added). The Court held that the improper instructions amounted to plain error. *Id.* at 629, 350 S.E.2d at 356. The Court further held that "the failure of the allegations to conform to the equivalent material aspects of the jury charge represents a fatal variance, and renders the indictment insufficient to support that resulting conviction." *Id.* at 631, 350 S.E.2d at 357. The Court arrested the

judgment based on the first-degree rape conviction. *Id.* at 632, 350 S.E.2d at 358.

The Court in *Williams* found two errors: (1) there was insufficient evidence to support the charged offense of first-degree forcible rape; and (2) the trial court committed plain error in instructing the jury on the elements of vaginal intercourse with a female under thirteen years of age, a crime for which defendant was never charged. The Court did not state that the effective dismissal of the charge of first-degree rape by the trial court amounted to an acquittal of that charge. The Court did not address whether the defendant could be retried for first-degree rape, nor did it address the potential of a 5th Amendment violation should the State attempt to retry the defendant.

In *Bowen*, the defendant was convicted of three counts of first degree sexual offense, one count of statutory sexual offense, and five counts of taking indecent liberties with a minor child. 139 N.C. App. at 21, 533 S.E.2d at 250. As in *Williams*, there existed variances between the crimes charged and the jury instructions given at trial. On appeal this Court first held that the jury was improperly instructed on statutory sexual offense instead of first degree sexual offense as charged in three of the indictments. *Id.* at 22, 533 S.E.2d at 251. The Court relied on *Williams* and held that "the trial judge, by his failure to submit the proper jury instructions for the three counts of first degree (forcible) sexual offense against defendant, effectively dismissed those charges." *Id.* at 24, 533 S.E.2d at 252. The Court then vacated those judgments. *Id.* Second, the Court in *Bowen* held that the jury was improperly instructed on the elements of statutory sexual offense when the indictment for that charge failed to allege that defendant was at least six years older than one of the minor victims. *Id.* Again, applying *Williams*, the Court held that "by its failure to submit the proper jury instructions to the jury, the trial court effectively dismissed this charge." *Id.* at 25, 533 S.E.2d at 253. The Court then vacated that judgment as well. *Id.* Third, the Court held that the trial court erred in failing to instruct the jury on a necessary element of one of the five indecent liberties charges. *Id.* at 26, 533 S.E.2d at 253. Once again, relying on *Williams*, the Court found that the trial court's failure to properly instruct the jury amounted to a dismissal of that charge and the Court vacated the judgment for that indecent liberties conviction. *Id.* at 27, 533 S.E.2d at 254. As in *Williams*, the Court found that the improper instructions amounted to plain error. *Id.* at 23, 533 S.E.2d at 252.

**STATE v. RAHAMAN**

[202 N.C. App. 36 (2010)]

*Bowen* did not deal with insufficiency of the evidence as seen in *Williams*. However, like *Williams*, *Bowen* does not discuss the State's ability to retry the defendant for charges that were effectively dismissed due to improper jury instructions. We do not seek to inject holdings into *Williams* and *Bowen* that simply are not there. We must review the facts of this case in light of what is actually stated in those cases.

In reviewing *Williams* and *Bowen*, we find that while it may be possible to distinguish this case from certain aspects of *Williams* due to the fact that there was insufficient evidence in that case to support the crime charged, we cannot distinguish this case from *Bowen*. This Court explicitly stated in *Bowen* that where a "jury is instructed and reaches its verdict on the basis of the elements set out in [one statute], but defendant was indicted and brought to trial on the basis of the elements set out in [a different statute], the indictment under which defendant was brought to trial cannot be considered valid and any judgment made thereon, must be vacated." *Id.* at 25, 533 S.E.2d at 253. Upon instructing the jury on a crime not charged, the trial court effectively dismissed the charge in the indictment. *Id.* Thus, we hold that the trial court in the present case effectively dismissed the crime of possession of stolen property when it instructed the jury on possession of a stolen motor vehicle.[3]

The next question we must reach, which was not addressed in *Bowen* or *Williams*, is whether the trial court's effective dismissal, which occurred when the improper instructions were given, amounts to an acquittal raising double jeopardy concerns. We hold that, under the facts of the current case, it does not. Defendant relies on N.C. Gen. Stat. § 15-173, which states that when the trial court grants a defendant's motion to dismiss at the close of evidence, that ruling has the same effect as a verdict of not guilty. We find this statute to be inapplicable in the present case.

In reviewing relevant case law, we find that a motion to dismiss is properly raised at the close of evidence where the State has not presented sufficient evidence to establish each essential element of the crime charged. *State v. Lindsay*, 45 N.C. App. 514, 515, 263 S.E.2d

---

3. In its brief, the State emphasizes the fact that the jury in this case was instructed on possession of a stolen motor vehicle and returned a guilty verdict as to that offense whereas in *Williams* and *Bowen* the jury was improperly instructed but returned verdicts on the crimes actually charged. This distinction is irrelevant because the effective dismissal occurred at the time the jury was improperly instructed; the dismissal was not contingent upon the jury's actual verdict.

364, 365 (1980). Additionally, a motion to dismiss is properly raised at the close of evidence where a material fatal variance exists between the indictment and the evidence presented at trial. *State v. Faircloth*, 297 N.C. 100, 107, 253 S.E.2d 890, 894 (1979) (citations omitted) ("[A] fatal variance between the indictment and proof is properly raised by a motion for judgment as of nonsuit or a motion to dismiss, since there is not sufficient evidence to support the charge laid in the indictment."). Both of these situations pertain to the State's failure to present evidence to support the crime, as alleged in the indictment, and the defendant's motion is properly brought *before* the jury is instructed. If the court grants the motion, the jury is never instructed on that particular offense and the trial court's order has the effect of a not guilty verdict. N.C. Gen. Stat. § 15-173.

However, the 5th Amendment right to be free from double jeopardy only attaches in a situation where the motion to dismiss is granted due to insufficiency of the evidence to support each element of the crime charged. *See State v. Mason*, 174 N.C. App. 206, 208-09, 620 S.E.2d 285, 287 (2005) (stating that "if reversal [by an appellate court] was based upon the sufficiency of the evidence, then the defendant may not be retried consistent with double jeopardy protection"), *appeal dismissed and disc. review denied*, 360 N.C. 293, 629 S.E.2d 280 (2006); *State v. Callahan*, 83 N.C. App. 323, 325, 350 S.E.2d 128, 129-30 (1986) (stating, "the State may not retry the defendant if the evidence at the first trial was not legally sufficient to sustain the verdict"), *disc. review denied*, 319 N.C. 225, 353 S.E.2d 409 (1987).

Conversely, our Supreme Court has held that the granting of a motion to dismiss due to a material fatal variance between the indictment and the proof presented at trial does *not* preclude retrial for the offense alleged on a proper indictment. *State v. Johnson*, 9 N.C. App. 253, 175 S.E.2d, 711 (1970). In *Johnson*, the indictment alleged that the defendant committed the crime of breaking and entering " 'a certain storehouse, shop, warehouse, dwelling house and building occupied by one Lloyd R. Montgomery, 648 Swannanoa River Road, Asheville, N.C.' " *Id.* at 254, 175 S.E.2d at 712. The evidence at trial tended to show that the defendant broke into "438 Swannanoa River Road in Asheville which was occupied by one Elvira L. Montgomery, who was engaged in business under the name of 'Cat and Fiddle Restaurant.' " *Id.* at 254-55, 175 S.E.2d at 712. The trial court granted the defendant's motion to dismiss due to a fatal variance between the indictment and the evidence presented at trial. *Id.* at 255, 175 S.E.2d

at 712. The State retried defendant for the offense of breaking and entering, but upon an indictment that corresponded to the evidence. *Id.* The defendant then appealed and asserted that his right to be free from double jeopardy had been violated. *Id.* Our Supreme Court held that "a judgment of dismissal for whatever reason entered after a trial on the first indictment would not sustain a plea of former jeopardy when defendant was brought to trial on the charge contained in the second indictment." *Id.* Therefore, not every dismissal pursuant to a motion to dismiss bars retrial as defendant alleges.

The present case does not deal with a motion to dismiss made by defendant due to insufficiency of the evidence. Therefore, we find that N.C. Gen. Stat. § 15-173 is inapplicable and does not support defendant's claim that the effective dismissal of the charges amounted to an acquittal, thus invoking double jeopardy protection. This case deals with a different type of fatal variance than that which is properly raised by a motion to dismiss. Here, the fatal variance in the original trial was between the indictment and the jury instructions, not between the indictment and the evidence presented. As stated in *Williams*, "the failure of the allegations to conform to the equivalent material aspects of the jury charge represents a *fatal variance*, and renders the indictment insufficient to support that resulting conviction." 318 N.C. at 631, 350 S.E.2d at 357 (emphasis added). Furthermore, where the trial court instructs the jury on a crime for which defendant was not charged, the court commits plain error. *Id.* at 629, 350 S.E.2d at 356.

Therefore, on defendant's previous appeal, this Court properly arrested the judgment, which effectively vacated the corresponding verdict and sentence. *State v. Scott*, 237 N.C. 432, 434, 75 S.E.2d 154, 156 (1953) ("The legal effect of arresting the judgment is to vacate the verdict and sentence of imprisonment below . . . .").[4] In the case *sub judice*, we hold that the State was not prohibited by the 5th Amendment from retrying the defendant for the same offense.

Our holding in this case adheres to the general principle espoused in our jurisprudence that when the trial court commits prejudicial error the defendant is entitled to a new trial. *See State v. Lyons*, 330 N.C. 298, 309, 412 S.E.2d 308, 314-15 (1991) (holding disjunctive jury instructions using "and/or" between the victims' names were fatally

---

4. We recognize that this Court in *Bowen* vacated the judgment as opposed to arresting it. Under the present facts, as this Court held on defendant's first appeal, arresting the judgment is the proper disposition.

ambiguous and required a new trial when the indictment had used the conjunctive "and" between the names); *State v. Taylor*, 301 N.C. 164, 171, 270 S.E.2d 409, 414 (1980) (holding "[the trial court's] failure to instruct on the theory charged in the bill of indictment, in addition to its instructions on theories not charged, constitutes prejudicial error entitling defendant to a new trial on the charge . . . ."); *Mason*, 174 N.C. App. at 208-09, 620 S.E.2d at 287 (stating "[g]enerally, the protection against double jeopardy does not bar a retrial for the same offenses that a defendant was convicted of if the defendant's convictions were reversed on appeal based upon trial error.").

II.

[2] Defendant further argues that the trial court lacked jurisdiction to retry defendant upon the same indictment where the judgment based on that indictment had been arrested by this Court. We disagree.

In situations where there was a fatal variance between the indictment and the evidence presented at trial, if the State seeks to retry defendant, it will need to obtain a new indictment that properly alleges the offense charged and will conform to the evidence against the defendant. *See Johnson*, 9 N.C. App. at 254-55, 175 S.E.2d at 712. However, in this case, there was no fatal variance as to the evidence, nor was there a defect on the face of the indictment itself. Accordingly, we see no reason why the State should be required to issue a new indictment that would be identical in substance to the prior one. Defendant's argument is, therefore, without merit.

III.

[3] Next, defendant argues that the trial court erred in denying his motion to dismiss the charge of felony possession of stolen property due to insufficiency of the evidence. Specifically, defendant claims that the State failed to provide sufficient evidence to prove that the value of the stolen property—the Toyota truck—exceeded $1,000.00, an element of the crime pursuant to N.C. Gen. Stat. § 14-71.1 and N.C. Gen. Stat. § 14-72 (2007). Defendant does not allege insufficiency with regard to any other element of the crime.

Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.

If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed.

*State v. Powell,* 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (internal citation omitted). "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *State v. Scott,* 356 N.C. 591, 597, 573 S.E.2d 866, 869 (2002). "In conducting our analysis, we must view the evidence in the light most favorable to the State, giving the  State the benefit of all reasonable inferences." *State v. Benson,* 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). "Both competent and incompetent evidence must be considered." *State v. Lyons,* 340 N.C. 646, 658, 459 S.E.2d 770, 776 (1995). "In addition, the defendant's evidence should be disregarded unless it is favorable to the State or does not conflict with the State's evidence." *Scott,* 356 N.C. at 596, 573 S.E.2d at 869.

"The fair market value of stolen property at the time of the theft must exceed the sum of [$1,000.00] for the possession to be felonious." *State v. Holland,* 318 N.C. 602, 610, 350 S.E.2d 56, 61 (1986), *overruled on other grounds by State v. Childress,* 321 N.C. 226, 362 S.E.2d 263 (1987). "Stolen property's fair market value is the item's 'reasonable selling price[]' at the time and place of the theft, and in the condition in which it was when [stolen].' " *State v. Davis,* —— N.C. App. ——, ——, 678 S.E.2d 709, 714 (2009) (quoting *State v. Dees,* 14 N.C. App. 110, 112, 187 S.E.2d 433, 435 (1972)). "The State is not required to produce 'direct evidence of . . . value' to support the conclusion that the stolen property was worth over $1,000.00, provided that the jury is not left to 'speculate as to the value' of the item." *Id.* (quoting *Holland,* 318 N.C. at 610, 350 S.E.2d at 61).

Here, Mr. Brown, the truck's owner, testified that he purchased the truck new in 1985 for $9,000.00; he had been the sole owner; and in his opinion, the truck was in "good shape." He specifically testified that the tires were in good condition, the radio and air conditioning worked, and there was no damage of which he was aware. Prior to the theft, the truck was never involved in an accident and had approximately 75,000 miles on the odometer. Although Mr. Brown did not express an opinion as to the value of the truck at the time of the theft, he did testify that after the truck was returned to him he had an accident that resulted in a "total loss." He received $1,700.00 from the insurance company, and would have received $2,100.00 had he relin-

quished the title. *See State v. Maynard,* 79 N.C. App. 451, 453-54, 339 S.E.2d 666, 668 (1986) (holding amount of money paid by insurer to owner is evidence of fair market value prior to vehicle's destruction). Furthermore, Officer Sellars testified that his job routinely required him to examine and value vehicles. He stated that it was his opinion that the car was valued at approximately $3,000 at the time of the theft. We find this evidence sufficient to establish that the vehicle stolen was valued in excess of $1,000.00 at the time of the theft, and, therefore, the trial court did not err in denying defendant's motion to dismiss.

IV.

**[4]** Finally, defendant argues that the trial court erred in allowing Officer Sellars to testify as to his opinion of the truck's value.

"On appeal, the standard of review of a trial court's decision to exclude or admit evidence is that of an abuse of discretion. An abuse of discretion will be found only when the trial court's decision was so arbitrary that it could not have been the result of a reasoned decision." *Brown v. City of Winston-Salem,* 176 N.C. App. 497, 505, 626 S.E.2d 747, 753 (citation and quotation marks omitted), *cert. denied,* 360 N.C. 575, 635 S.E.2d 429 (2006).

> The general rule in North Carolina is that a witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific personal property. "[I]t is not necessary that the witness be an expert; it is enough that he is familiar with the thing upon which he professes to put a value and has such knowledge and experience as to enable him intelligently to place a value on it."

*State v. Boone,* 39 N.C. App. 218, 221, 249 S.E.2d 817, 820 (1978) (quoting 1 Stansbury's N.C. Evidence § 128 at 408 (Brandis rev. 1973); *see also State v. Odom,* 99 N.C. App. 265, 393 S.E.2d 146 (1990).

Here, Officer Sellars testified that: he had previously worked as a car salesman in his family's business; he was especially familiar with Toyota vehicles; and he routinely values vehicles as a police officer, particularly in wreck investigations. Officer Sellars testified that he spent approximately three hours taking inventory of the truck and that it was his opinion that "[i]n 2005 for a 1984 Toyota in running condition like this vehicle was that night . . . driving with headlights, brakes, and everything in working order with a running motor, [it] would be worth in the area of $3,000 in 2005."

We find no abuse of discretion in the trial court's decision to allow Officer Sellars' lay opinion as to the truck's value.

Again, the State is not required to provide direct evidence of value. *Davis,* —— N.C. App. at ——, 678 S.E.2d at 714. Moreover, "[t]he basis or circumstances behind a non-expert opinion affect only the weight of the evidence, not its admissibility." *State v. Edmondson,* 70 N.C. App. 426, 430, 320 S.E.2d 315, 318 (1984), *aff'd,* 316 N.C. 187, 340 S.E.2d 110 (1986).

## Conclusion

We hold that the trial court properly denied defendant's pre-trial motion to dismiss the charge of felony possession of a stolen vehicle on double jeopardy grounds; the indictment utilized to retry defendant was valid; the trial court did not err in denying defendant's motion to dismiss the charge against him due to insufficiency of the evidence; and the trial court did not err in allowing Officer Sellars to testify regarding the value of the stolen truck.

No Error.

Judges CALABRIA and GEER concur.