An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1143

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

|  |  |
|---|---|
| v. | Mecklenburg County |
|  | Nos. 12 CRS 14674 |
| DWIGHT VERNON DOBIE, | 12 CRS 14676 |
| Defendant | |

Appeal by defendant from judgment entered 6 February 2013 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 5 March 2014.

*Attorney General Roy Cooper, by Associate Attorney General Laura Askins, for the State.*

*Don Willey for defendant-appellant.*

GEER, Judge.

Defendant Dwight Vernon Dobie appeals from a judgment entered on his conviction of felony larceny of a motor vehicle and being a habitual felon. On appeal, defendant primarily argues that the trial court erred in denying his motion to dismiss because the State's evidence of the value of the stolen vehicle was inadmissible, and the State did not otherwise present sufficient evidence of the value of the stolen vehicle

to support his felony larceny conviction. Because, however, the State presented evidence that the stolen motor vehicle was a 2007 BMW and also provided the jury with photographs of the BMW showing its condition, a reasonable juror could find that the value of the BMW was greater than $1,000.00. Since defendant does not contest any other elements of the offense, the trial court properly denied the motion to dismiss.

## Facts

The State's evidence tended to show the following facts. On the morning of 18 November 2011, Gualberto Portela dropped his father off at Presbyterian Hospital in Charlotte, North Carolina for a regular dialysis treatment. Mr. Portela parked his car, a silver 2007 BMW 525i, at the front entrance to the hospital, turned the car off, left the keys in it, and helped his father into the hospital. Mr. Portela was gone less than a minute, but when he returned outside, his car was missing. Mr. Portela immediately called the police to report his car as stolen.

Officer Charles Brown, Jr. of the Charlotte-Mecklenburg Police Department ("CMPD") was dispatched and arrived at the hospital shortly after Mr. Portela's report. Based in part on a conversation with Mr. Portela at the hospital, Officer Brown filled out and transmitted a police report to CMPD headquarters.

In that report, Officer Brown stated that the value of the stolen BMW was $20,000.00. From hospital surveillance videotape, Officer Brown was able to determine features and characteristics of a suspect and issued a "[b]e on the lookout" ("BOLO") statement.

The next day, on 19 November 2011, defendant was at the hospital visiting his girlfriend. Hospital security apprehended and detained defendant as a suspect matching the description issued in the BOLO, and Detective Alan Wolfe of the CMPD was dispatched to the hospital to further review the hospital's surveillance videotape and question defendant. When Detective Wolfe showed defendant surveillance photos taken 18 November of a person matching defendant's description at the hospital, defendant admitted to being at the hospital that day.

After a search of defendant's person yielded nothing, Detective Wolfe released defendant because although he believed defendant got into the stolen BMW, the detective could not actually see him doing so because a column was blocking the camera's view of the car. Nonetheless, a week later, on 25 November 2011, CMPD Officer Gerren Willis stopped defendant while defendant was driving the stolen BMW and arrested him. Mr. Portela then recovered the BMW.

Defendant was indicted for larceny, possession of a stolen vehicle, and being a habitual felon. The jury found defendant guilty of larceny and possession of a stolen vehicle, and the trial court arrested judgment on the conviction of felony possession of a stolen vehicle after defendant pled guilty to being a habitual felon, the trial court sentenced defendant to a term of 129 to 164 months imprisonment. Defendant timely appealed to this Court.

I

Defendant first argues that the trial court erred in denying his motion to dismiss for insufficient evidence. Defendant acknowledges that he may not have properly preserved this argument and, therefore, argues, in the alternative, that his trial counsel provided ineffective assistance of counsel by failing to timely renew the motion to dismiss for insufficient evidence. Even assuming, without deciding, that the issue was properly preserved, we hold that the trial court properly denied the motion to dismiss.

"The standard of review for a motion to dismiss for insufficient evidence is well settled. [T]he trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. All evidence, competent or incompetent, must be considered." *State*

*v. Bradshaw*, 366 N.C. 90, 92-93, 728 S.E.2d 345, 347 (2012) (internal citation and quotation marks omitted). "When reviewing a defendant's motion to dismiss a charge [for insufficient] evidence, this Court determines whether the State presented substantial evidence in support of each element of the charged offense." *State v. Abshire*, 363 N.C. 322, 327-28, 677 S.E.2d 444, 449 (2009) (internal quotation marks omitted). "'Substantial evidence is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion.'" *Id.* at 328, 677 S.E.2d at 449 (quoting *State v. McNeil*, 359 N.C. 800, 804, 617 S.E.2d 271, 274 (2005)).

"To convict a defendant of felonious larceny, it must be shown that he: (1) took the property of another, (2) with a value of more than $1,000.00, (3) carried it away, (4) without the owner's consent, and (5) with the intent to deprive the owner of the property permanently." *State v. Owens*, 160 N.C. App. 494, 500, 586 S.E.2d 519, 523-24 (2003); N.C. Gen. Stat. § 14-72(a) (2013). Defendant challenges the evidence supporting the element requiring "a value of more than $1,000.00." *Id.*

Defendant contends that the only evidence of the value of the stolen BMW was Officer Brown's testimony, based on his police report, that the value of the BMW was $20,000.00. He

argues that this evidence was inadmissible because Officer Brown lacked a proper foundation to make this estimate and that, consequently, the trial court erred in failing to grant the motion to dismiss.

Defendant has overlooked the pertinent standard of review, which requires that "[a]ll evidence, competent *or incompetent*, must be considered" in deciding the sufficiency of the evidence to survive a motion to dismiss. *Bradshaw*, 366 N.C. at 93, 728 S.E.2d at 347 (emphasis added). Officer Brown's testimony, admissible or not, is, therefore, sufficient evidence of the value of the BMW for purposes of the motion to dismiss and, therefore, the trial court did not err in denying the motion to dismiss.

However, even if Officer Brown's testimony could not be considered, the record still contains sufficient evidence that the BMW was worth more than $1,000.00. "'The State is not required to produce direct evidence of . . . value to support the conclusion that the stolen property was worth over $1,000.00, provided that the jury is not left to speculate as to the value of the item.'" *State v. Rahaman*, 202 N.C. App. 36, 47, 688 S.E.2d 58, 66 (quoting *State v. Davis*, 198 N.C. App. 146, 151-52, 678 S.E.2d 709, 714 (2009)), *abrogated on other grounds in part by State v. Tanner*, 364 N.C. 229, 695 S.E.2d 97

(2010). Further, a jury is "free to exercise their own reason, common sense and knowledge acquired by their observation and experiences of everyday life." *State v. Edmondson*, 70 N.C. App. 426, 430, 320 S.E.2d 315, 318 (1984), *aff'd*, 316 N.C. 187, 340 S.E.2d 110 (1986).

In this case, Officer Brown testified that the vehicle stolen from Mr. Portela was a silver 2007 BMW 525i. The State also introduced two photos of Mr. Portela's BMW: one photo showed a side profile of the BMW and another provided a clear image of the rear perspective of the car, including the license plate. Both photos portray a late model BMW sedan that has no exterior defects. In addition, Mr. Portela testified that these photos "fairly and accurately represent the condition of [my] vehicle in November of 2011."

We hold that this evidence was sufficient to allow a reasonable jury to conclude, based on their own common sense and knowledge, that the value of the stolen motor vehicle exceeded $1,000.00. *See id.* ("After hearing all the evidence, and viewing photographs that showed extensive damage in the ransacked offices, the jury found that the damage done to the personal property exceeded $200. While there may not have been any precise evidence as to the amount of these damages the jury was free to exercise their own reason, common sense and

knowledge acquired by their observation and experiences of everyday life.").

## II

Defendant next argues that the trial court committed plain error in allowing Officer Brown to testify from his police report that the value of the stolen BMW was $20,000.00. Our Supreme Court has explained:

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice -- that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations and quotation marks omitted).

We need not decide whether Officer Brown's testimony was proper lay opinion testimony because defendant has failed to demonstrate that in the absence of that testimony, the jury probably would have reached a different verdict. Significantly, defendant did not make any attempt to show that the BMW had a value of no more than $1,000.00 when it was stolen. Without some evidence suggestive of a lower value, we believe that it is

improbable that a juror would have concluded that a three-year-old BMW with no visible exterior defects and which was in working mechanical condition when defendant absconded with and was later pulled over while driving it, was worth no more than $1,000.00. Accordingly, we hold that defendant has failed to show that the admission of Officer Brown's testimony was plain error. *See, e.g.,*

*State v. Dallas*, 205 N.C. App. 216, 221-22, 695 S.E.2d 474, 478 (2010) (holding that defendant failed to show admission of testimony regarding value of stolen property was sufficiently prejudicial when State presented other evidence that property was worth more than $1,000.00).

III

Finally, defendant contends that the trial court erred in failing to instruct the jury on the lesser offense of misdemeanor larceny because "there was no competent evidence submitted by the State of the value of the motor vehicle" when it was stolen. Defendant argues that it was, therefore, within the jury's province to decide whether or not the value of the BMW was $1,000.00 or less. We disagree.

"The sole factor determining the judge's obligation to give [a lesser included offense instruction] is the presence, or absence, of any evidence in the record which might convince a

rational trier of fact to convict the defendant of a less grievous offense." *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981). "Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice[,]" *State v. Hicks*, 241 N.C. 156, 160, 84 S.E.2d 545, 547 (1954), and "'the trial court need not submit lesser included degrees of a crime to the jury when the State's evidence is positive as to each and every element of the crime charged *and there is no conflicting evidence relating to any element of the charged crime*[,]'" *State v. Millsaps*, 356 N.C. 556, 562, 572 S.E.2d 767, 772 (2002) (quoting *State v. Thomas*, 325 N.C. 583, 594, 386 S.E.2d 555, 561 (1989)).

Because it was improbable that the jury would have concluded the value of the BMW was no more than $1,000.00 even absent Officer Brown's testimony, and since defendant did not otherwise challenge or contradict the State's evidence that was relevant to the value of the BMW, defendant's argument amounts to a mere contention that the jury might have rejected the State's evidence of the value of the stolen BMW. Defendant has pointed to no evidence suggesting that the BMW in fact had a value of $1,000.00 or less. Consequently, the trial court did not err in refusing to instruct the jury on the lesser included offense of misdemeanor larceny. *See State v. Haney*, 28 N.C.

App. 222, 223, 220 S.E.2d 371, 372 (1975) ("There was no evidence that the value of the stolen motorcycle was less than [the minimum value for felony larceny] and it was therefore, not prejudicial error to fail to instruct the jury on misdemeanor larceny.").

No error.

Judges ROBERT C. HUNTER and McCULLOUGH concur.

Report per Rule 30(e).