STATE OF NORTH CAROLINA v. SAMUEL TRAVIS TANNER

No. 474PA08

(Filed 17 June 2010)

**Possession of Stolen Property— felonious possession of stolen goods—acquittal of underlying breaking or entering and larceny charges**

The Court of Appeals erred by concluding a defendant may not be convicted of felonious possession of stolen goods even though defendant was acquitted of the underlying breaking or entering and larceny charges because: (1) although our Court of Appeals cited *Perry*, 305 N.C. 225 (1982), to support its determination, that decision was made in the context of felonious larceny and not felonious possession of stolen goods; (2) while a defendant may be convicted of felonious larceny if he committed the larceny pursuant to a breaking or entering under N.C.G.S. § 14-72(b)(2), N.C.G.S. §§ 14-71.1, -72(c) does not require that a defendant be guilty of a breaking or entering in order to be convicted of felonious possession of stolen goods, but instead must establish simply that defendant knew or had reasonable grounds to believe the goods were stolen pursuant to a breaking or entering; and (3) the jury could have found beyond a reasonable doubt that defendant knew the goods had been stolen in violation of N.C.G.S. § 14-54 based upon defendant's own statements to a detective that the man who provided the stolen property to defendant had made a "score" from a barber shop.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 193 N.C. App. 150, 666 S.E.2d 845 (2008), vacating a judgment entered on 6 August 2007 by Judge W. Osmond Smith III in Superior Court, Wake County, and remanding for resentencing. Heard in the Supreme Court 22 March 2010.

*Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, for the State-appellant.*

*William D. Spence for defendant-appellee.*

BRADY, Justice.

In this case we must determine whether a defendant who is acquitted of the underlying breaking or entering and larceny charges may be convicted of felonious possession of stolen goods on a theory

that the defendant knew or had reasonable grounds to believe that goods in his possession were stolen under circumstances that would make larceny of the goods a felony. We hold that a defendant may be convicted of felonious possession of stolen goods in such circumstances and therefore reverse the decision of the Court of Appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

On 27 August 2006, several businesses on South Person Street in Raleigh were broken into, including Hill's Barber Shop and Quality Hair Salon. Both businesses were ransacked and vandalized, and a variety of items were stolen, including razor blades, hair clippers, other items related to hair styling, a CD player, and a television. Based on descriptions of the goods, law enforcement located a set of the stolen hair clippers at a local pawnshop. From the pawnshop's records, law enforcement officers traced the item to Jeanette Brown, who told them she received the clippers from her roommates, Samuel Travis Tanner (defendant) and Antoinette Harrison. A detective and other uniformed officers later visited the residence of defendant, Brown, and Harrison. Upon arriving, the officers observed defendant exit the residence and throw a backpack into nearby bushes. Officers then stopped defendant and retrieved the backpack, and defendant consented to a search of its contents. The backpack contained various hair care products matching descriptions of the stolen items. Subsequently, law enforcement obtained a search warrant for defendant's residence and, upon execution of the warrant, discovered several of the stolen items in defendant's bedroom.

Defendant was arrested and knowingly and voluntarily waived his *Miranda* rights. Upon interrogation, defendant stated to Detective Sergeant R.A. McLeod of the Raleigh Police Department that he had received the items from an unidentified person who had a box of hair care items that he wanted to sell to defendant. Defendant thought the purchase was a "good deal," although he could not remember how much he paid for the items. Defendant stated that he did not know the items were "hot."

Defendant later told Detective McLeod that his first statement was not true and that he wanted to "come clean." Defendant then stated that one or two weeks earlier he saw a tall, slender, black male "sitting on the wall" drinking beer. The man told defendant that he had made a "score" from a barber shop and needed help carrying some bags from "his shop." Defendant stood at the door of the shop while the man hauled the stuff out. Defendant stated that he never

went into the shop, but just stood at the doorway and helped the man carry the goods away.

The Wake County Grand Jury returned true bills of indictment against defendant for (1) felonious breaking or entering, (2) felonious larceny, (3) felonious possession of stolen goods, and (4) attaining the status of habitual felon. At trial defendant's testimony differed from statements he had given to law enforcement. Although defendant corroborated some of the testimony of Detective McLeod regarding defendant's interrogation, defendant denied that other parts of the detective's testimony were true. Defendant testified that he purchased some of the goods from a man named "Slim" and that "Slim" gave him the backpack full of hair care products as a sort of refund for a prior drug transaction in which defendant had received counterfeit crack cocaine.

The jury returned verdicts finding defendant guilty of felonious possession of stolen goods but not guilty of felonious breaking or entering and felonious larceny. Defendant pleaded guilty to having attained habitual felon status. Defendant was sentenced in the presumptive range to 121-155 months imprisonment.

Defendant appealed his convictions to the Court of Appeals arguing, *inter alia*, that the trial court erred by accepting the jury's guilty verdict as to the felonious possession of stolen goods charge. The Court of Appeals unanimously held that because the jury acquitted defendant of the felonious breaking or entering charge, the trial court erred in accepting the jury's guilty verdict for felonious possession of stolen goods. *State v. Tanner*, 193 N.C. App. at 157, 666 S.E.2d at 850-51. The Court of Appeals thus vacated the judgment entered on defendant's stolen goods conviction and remanded the case to the trial court for entry of judgment and resentencing on the charge of misdemeanor possession of stolen goods. *Id.* at 157-58, 666 S.E.2d at 851. The Court of Appeals, because of its ruling on the felonious possession of stolen goods conviction, also vacated defendant's habitual felon judgment. *Id.* at 158, 666 S.E.2d at 851. This Court allowed the State's petition for discretionary review on 5 November 2009, and we now reverse the decision of the Court of Appeals.

## ANALYSIS

In *State v. Perry*, 305 N.C. 225, 230, 287 S.E.2d 810, 813 (1982), this Court held that a defendant may not be convicted of felonious larceny if he was acquitted of the breaking or entering upon which the charge of felonious larceny was based. Indeed, it would be error,

absent the jury's finding that the property stolen exceeded the diacritical amount set forth in the statute, for the trial judge to accept a verdict of guilty of felonious larceny where the jury has failed to find the defendant guilty of the felonious breaking or entering pursuant to which the larceny occurred.

*Id.* at 229, 287 S.E.2d at 813. A defendant is guilty of felonious larceny if the defendant committed the larceny "pursuant to a violation of [Section] 14-54," the breaking or entering statute. N.C.G.S. § 14-72(b)(2) (2009). Thus, in *Perry* this Court could not logically reconcile a verdict of not guilty of breaking or entering and a verdict of guilty of felonious larceny based upon the very breaking or entering of which the defendant had been acquitted. *Perry*, 305 N.C. at 230, 287 S.E.2d at 813.

In the case *sub judice* the Court of Appeals relied upon its decision in *State v. Marsh*, 187 N.C. App. 235, 240-42, 652 S.E.2d 744, 747-48 (2007), which rested upon the Court of Appeals decision in *State v. Goblet*, 173 N.C. App. 112, 121, 618 S.E.2d 257, 264 (2005). *Tanner*, 193 N.C. App. at 157, 666 S.E.2d at 850-51. In each of these cases, the Court of Appeals cited this Court's *Perry* decision as support for the proposition that a defendant cannot be convicted of felonious possession of stolen goods on a theory that the defendant knew or had reasonable grounds to believe them stolen pursuant to a breaking or entering when the defendant was acquitted of that same breaking or entering. However, this Court in *Perry* decided that issue in the context of felonious larceny, not felonious possession of stolen goods. The differences between the elements of felonious larceny and felonious possession of stolen goods require a different resolution in this case.

While a defendant may be convicted of felonious larceny if he committed the larceny pursuant to a breaking or entering, N.C.G.S. § 14-72(b)(2), the statute does not require that a defendant be guilty of a breaking or entering in order to be convicted of felonious possession of stolen goods, *id.* §§ 14-71.1, -72(c) (2009). The elements of possession of stolen goods are: "(1) possession of personal property; (2) which has been stolen; (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen; and (4) the possessor acting with a dishonest purpose." *Perry*, 305 N.C. at 233, 287 S.E.2d at 815 (citing, *inter alia*, N.C.G.S. § 14-71.1 (1982)). "The crime of possessing stolen goods knowing or having reasonable grounds to believe them to be stolen in the circumstances described in [N.C.G.S. § 14-72(b)] is a felony . . . ." N.C.G.S. § 14-72(c) (2009).

Thus, if a defendant is guilty of possession of stolen goods and also knows or has "reasonable grounds to believe" that the goods were stolen pursuant to a breaking or entering, the defendant is guilty of felonious possession of stolen goods.

While a conviction of felonious larceny under such a theory would require that the defendant guilty of the larceny also be the perpetrator of (or have aided and abetted) a breaking or entering, this is not the case for felonious possession of stolen goods. For the defendant to be guilty of felonious possession of stolen goods, the State need not prove that the defendant perpetrated the breaking or entering, but must establish simply that defendant knew or had reasonable grounds to believe the goods were stolen pursuant to a breaking or entering. A finding by the jury that a defendant did not take part in a breaking or entering but did possess stolen goods with the knowledge or reasonable grounds to believe that the goods were stolen pursuant to a breaking or entering by another is not fatally contradictory, but rather can be logically explained by the facts as recited above. As such, we overrule the decisions of the Court of Appeals in *Marsh*, *Goblet*, and other cases based upon those holdings insofar as they are inconsistent with this opinion. Here the jury could have found beyond a reasonable doubt that defendant knew the goods had been stolen in violation of N.C.G.S. § 14-54 based upon defendant's own statements to Detective McLeod that the man who provided the stolen property to defendant had made a "score" from a barber shop. Thus, because the verdicts rendered by the jury were not fatally contradictory, and the evidence was sufficient to support the jury's verdict of guilty of felonious possession of stolen goods, it was not error for the trial court to accept the jury's verdict. The Court of Appeals erred in holding otherwise.

## CONCLUSION

A defendant does not have to be found guilty of committing an underlying breaking or entering in order to be convicted of felonious possession of stolen goods based upon knowledge or reasonable grounds to believe the goods were stolen during a breaking or entering. Accordingly, we reverse the decision of the Court of Appeals as to the matters before this Court for review and reinstate the trial court's judgment.

REVERSED.