**STATE v. WARD**

[226 N.C. App. 386 (2013)]

STATE OF NORTH CAROLINA
v.
BILLY WAYNE WARD

No. COA12-1125

Filed 2 April 2013

1. **Constitutional Law—right to confrontation—testimony— chemical analysis performed by another agent**

     The trial court did not commit plain error in a trafficking oxycodone by possession case by allowing a SBI chemical analyst to testify to the results of the chemical analysis performed by another SBI agent. Because defendant stipulated that the pills contained oxycodone, any error in the admission of the evidence as to the nature of the substance could not rise to the level of plain error.

2. **Constitutional Law—effective assistance of counsel—claim dismissed without prejudice**

     Defendant's effective assistance of counsel claim was dismissed without prejudice to the right of defendant to file a motion for appropriate relief in the trial court.

Judge STEELMAN concurring in separate opinion.

     Appeal by defendant from judgment entered 29 February 2012 by Judge Howard E. Manning in Alamance County Superior Court. Heard in the Court of Appeals 27 February 2013.

     *Attorney General Roy Cooper, by Assistant Attorney General Jay L. Osborne, for the State.*

     *Heather L. Rattelade, for defendant-appellant.*

HUNTER JR., Robert N., Judge.

     Billy Wayne Ward ("Defendant") appeals from a judgment sentencing him to 90-117 months imprisonment following a jury verdict convicting him of Trafficking Oxycodone by Possession. On appeal, Defendant argues the trial court committed plain error by allowing a "substitute analyst to testify concerning lab results," in violation of his Sixth Amendment right to confrontation. Additionally, Defendant contends he was denied the effective assistance of counsel. For the

following reasons, we dismiss without prejudice Defendant's ineffective assistance of counsel claim, and find no prejudicial error with respect to Defendant's other arguments.

## I. Factual & Procedural History

On 12 April 2010, Defendant paid Sergeant Brandon Jones ("Sergeant Jones"), an undercover narcotics investigator with the Alamance County Sherriff's Office, seven pills of oxycodone in exchange for property that was represented as stolen. Defendant paid Sergeant Jones two pills for wood products and five pills in exchange for a freezer. These seven pills were sent to the State Bureau of Investigation ("SBI") Lab for analysis. Special Agent Kristin Kirkland ("Agent Kirkland") performed an analysis of the seven pills on 12 April 2010. Agent Kirkland's analysis determined that the seven pills contained 3.2 grams of oxycodone, a schedule II opium derivative. Agent Kirkland's analysis was transcribed into an SBI Lab report labeled State's Exhibit No. 10.

Also on 12 April 2010, Magistrate Wendy N. Sheldon issued a search warrant for Defendant's residence. The warrant was executed on 13 April 2010. The search yielded, among other things, two medicine bottles and an envelope with pills enclosed. Jennifer Lindley ("Ms. Lindley"), a chemical analyst with the SBI, analyzed the contents of the two medicine bottles. One bottle contained fourteen tablets; the other contained twenty-two tablets. Ms. Lindley's analysis found that the combined thirty-six tablets from the two bottles contained a total of 16.4 grams of oxycodone. Ms. Lindley did not analyze the eight tablets found in the envelope, pursuant to the SBI's policy of ceasing further analysis once a sufficient drug weight to sustain a trafficking charge has been reached. The analysis of the pills found in Defendant's home formed the basis of Defendant's indictment for Trafficking by Possession. The transaction between Defendant and Sergeant Jones formed the basis of Defendant's indictment for Delivery of Oxycodone.

The matters came on for trial together at the 27 February 2012 session of Alamance County Superior Court. At trial, Ms. Lindley testified regarding her personal analysis of the contents of the two medicine bottles. Shortly thereafter, Judge Manning excused the jury from the courtroom to conduct a *voir dire* examination of Ms. Lindley.

During *voir dire*, Ms. Lindley was asked about the SBI Lab Report prepared by Agent Kirkland detailing the analysis of the seven pills obtained by Sergeant Jones on 12 April 2010, which constituted the

primary evidence related to Defendant's Delivery of Oxycodone charge.[1] Ms. Lindley stated she had not reviewed Agent Kirkland's notes.

Judge Manning then informed Defendant's attorney ("Mr. Watkins") that Ms. Lindley would not be testifying as to Agent Kirkland's report or to the contents of pills Agent Kirkland analyzed. Nevertheless, Judge Manning emphasized to Mr. Watkins that Ms. Lindley had already testified that the pill bottles she had personally analyzed contained an amount of oxycodone sufficient to sustain the trafficking conviction.

Mr. Watkins then informed the court that Defendant would stipulate that the pills analyzed in Agent Kirkland's report were indeed oxycodone, noting that "all of [the pills] are the same." Judge Manning then asked Defendant directly if he would stipulate that the pills Defendant gave to Sergeant Jones were oxycodone. Defendant said "[y]es."

The State then discussed with Judge Manning how to properly introduce Agent Kirkland's lab report. Judge Manning concluded the *voir dire* and allowed the jury back into the courtroom. Upon the jury's return, the State questioned Ms. Lindley regarding Agent Kirkland's report (State's Exhibit No. 10). Agent Kirkland's report was subsequently admitted into evidence without objection.

On 29 February 2012, a jury convicted Defendant of (1) Trafficking by Possession and (2) Delivery of Oxycodone. The trial court sentenced Defendant to 90-117 months imprisonment for the Trafficking by Possession conviction. At the State's request, the trial court arrested judgment on Defendant's conviction for Delivery of Oxycodone. Defendant filed a notice of appeal on 2 March 2012.

## II. Jurisdiction & Standard of Review

As Defendant appeals from the final judgment of a superior court, an appeal of right lies with this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2011).

This Court reviews alleged violations of constitutional rights *de novo*. *State v. Tate*, 187 N.C. App. 593, 599, 653 S.E.2d 892, 897 (2007). Under *de novo* review, this Court "considers the matter anew and freely substitutes its own judgment for that of the [trial court]." *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (citing *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002)).

---

1. Agent Kirkland was unavailable as a witness.

## III. Analysis

We first note that Defendant is objecting only to the introduction of evidence related to his conviction for Delivery of Oxycodone, for which judgment has been arrested at the request of the State. The admission of the challenged evidence (the Kirkland Report and Ms. Lindley's testimony regarding it) had no bearing on the admissibility of Ms. Lindley's testimony regarding her own analysis of the pills which formed the basis of Defendant's Trafficking by Possession conviction. Accordingly, we are confused as to why Defendant's appellate counsel concludes in her brief that the "judgment for trafficking should be vacated and remanded." Nevertheless, we address the merits of Defendant's arguments.

[1] Defendant first contends that the trial court committed plain error by allowing Ms. Lindley to testify to the results of the chemical analysis performed by Agent Kirkland (the "Kirkland report"). Defendant argues allowing Ms. Lindley to testify in this manner violated his Sixth Amendment right to confront and cross-examine the witnesses against him, which he had not waived. We disagree.

"The Confrontation Clause of the Sixth Amendment bars admission of testimonial evidence unless the declarant is unavailable to testify and the accused has had a prior opportunity to cross-examine the declarant." *State v. Locklear*, 363 N.C. 438, 452, 681 S.E.2d 293, 304 (2009) (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)). The U.S. Supreme Court has applied the holding in *Crawford* to "testimonial" lab reports, holding that "[t]he Sixth Amendment does not permit the prosecution to prove its case via ex parte out-of-court affidavits, and the admission of such evidence [is] error." *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 329 (2009). Nevertheless, "[t]he right to confrontation may, of course, be waived, including by failure to object to the offending evidence; and States may adopt procedural rules governing the exercise of such objections." *Id.* at 314 n.3.

"In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1). Furthermore, "[a] constitutional issue not raised at trial will generally not be considered for the first time on appeal." *Anderson v. Assimos*, 356 N.C. 415, 416, 572 S.E.2d 101, 102 (2002) (citing *State v. Nobles*, 350 N.C. 483, 495, 515 S.E.2d 885, 893 (1999); *Porter v. Suburban Sanitation Serv., Inc.*, 283 N.C. 479, 490, 196 S.E.2d 760, 767 (1973)).

When a criminal defendant fails to properly object at trial, "the burden is on the party alleging error to establish its right to review; that is, that an exception, 'by rule or law was deemed preserved or taken without any such action,' *or that the alleged error constitutes plain error." State v. Walker,* 316 N.C. 33, 37, 340 S.E.2d 80, 82 (1986) (emphasis added).

Plain error is "always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *'fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done' . . . ." *State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (emphasis in original). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan,* 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

Here, Defendant made no objection to either Ms. Lindley's testimony regarding the Kirkland report or the subsequent admission of the Kirkland report itself into evidence. Indeed, Defendant stipulated that the pills given to Sergeant Jones and subsequently analyzed by Agent Kirkland contained oxycodone. Because Defendant stipulated that the pills contained oxycodone, "any error in the admission of the evidence as to the nature of the substance . . . cannot rise to the level of plain error." *State v. Baldwin,* 161 N.C. App. 382, 389, 588 S.E.2d 497, 503 (2003). Accordingly, Defendant's argument in this respect is overruled.

Defendant additionally contends the State failed to comply with the notice requirements of N.C. Gen. Stat. § 90-95(g) (2011). Section 90-95(g) allows the State to admit into evidence a certified SBI chemical analysis report without relying on the testimony of the analyst who actually performed the analysis. However, before doing so, the State must (1) notify the Defendant of its intent to use the report fifteen business days prior to the proceeding; and (2) Defendant's attorney must have failed to file a written objection to the report. *See* N.C. Gen. Stat. § 90-95(g).

In the case *sub judice,* the record is not clear as to whether the State gave Defendant the requisite fifteen-day notice regarding its intent to introduce the Kirkland report. In his appeal, Defendant notes, "[i]t is the State's burden to show that it has complied with the requirements of N.C.G.S. § 90–95(g)(1), and that a defendant has waived his constitutional right to confront a witness against him." *State v. Whittington,* __ N.C. App. __, __, 728 S.E.2d 385, 390 (2012). However, this case is readily distinguishable from *Whittington.*

Unlike *Whittington,* the record in the instant case confirms Defendant failed to object at all to Ms. Lindley discussing the Kirkland report. In fact, both 'Defendant and Defendant's counsel stipulated to the very substance of the Kirkland report (i.e., that the seven pills given to Sergeant Jones were in fact oxycodone). Thus, Defendant has not preserved the issue for appellate review. *See* N.C. R. App. P. 10(a)(1); *see also State v. Davis,* 202 N.C. App. 490, 497, 688 S.E.2d 829, 834 (2010) (noting that by failing to object at trial to the admission of a testimonial lab report, the defendant failed to preserve the issue for appeal).

Defendant also claims his "stipulation was not a knowing and intelligent waiver of his right to confront Agent Kirkland." However, this Court has previously rejected the contention that the "acceptable consent [for an in-trial concession] requires the same formalities as mandated by statute for a plea of guilty." *State v. Perez,* 135 N.C. App. 543, 548, 522 S.E.2d 102, 106 (1999). Where a Defendant has been "advised of the need for his authorization for the concession," has "discussed the concession with his counsel," and has "acknowledged that his counsel had made the argument desired by him," such consent has been held to not violate the Sixth Amendment right against self-incrimination. *Id.* (citing *State v. McDowell,* 329 N.C. 363, 407 S.E.2d 200 (1991)).

Here, the record belies Defendant's contention that his stipulation was not a "knowing and intelligent waiver." The trial court was explicit in announcing to Defendant that Ms. Lindley would not testify as to Agent Kirkland's report without Defendant's consent. Nevertheless, Defendant's attorney stated, "my client says that he'll stipulate that they're oxycodone. He says all of [the pills] are the same." The trial judge then asked Defendant to confirm that he would stipulate that the pills Defendant gave to Sergeant Jones in exchange for the freezer and wood products (i.e. the pills subsequently analyzed by Agent Kirkland) were oxycodone. Defendant said "[y]es," to this inquiry, admitting that the pills were oxycodone.

This on-the-record exchange suggests that Defendant had discussed this stipulation with his attorney, was aware of the need for his verbal consent, and that the attorney was arguing Defendant's case in a manner of which Defendant had approved. *See Perez,* 135 N.C. App. at 548, 522 S.E.2d at 106; *State v. McDowell,* 329 N.C. 363, 407 S.E.2d 200 (1991). As such, we hold Defendant's actions to be a knowing and intelligent waiver of his right to confront Agent Kirkland.

**[2]** Finally, Defendant alleges he was denied the effective assistance of counsel. We dismiss this argument without prejudice to the right of Defendant to file a motion for appropriate relief in the trial court.

"In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." *State v. Stroud*, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001). "Our Supreme Court has instructed that should the reviewing court determine [that ineffective assistance of counsel] claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's rights to reassert them during a subsequent MAR proceeding." *Id.* at 554, 557 S.E.2d at 547 (quotation marks and citation omitted).

In the instant case, we are limited to the record before us to determine whether trial counsel's decision to allow his client to stipulate as to the contents of the pills constituted a trial strategy. The record does not disclose whether this decision was a trial strategy. We therefore dismiss these issues without prejudice to the right of Defendant to file a motion for appropriate relief.

NO ERROR.

Judge GEER concurs.

Judge STEELMAN concurs with separate opinion.

STEELMAN, Judge, concurring.

I concur in the majority opinion in this case, but write separately because I believe that the arguments raised by counsel for the defendant on appeal are disingenuous, and that counsel should be sanctioned.

On appeal, counsel has a duty to make a fair presentation of the case to the Court. *See* N.C.R. App. P. 34(a)(3). While counsel has the duty to zealously represent his or her client, the duty does not grant to counsel *carte blanche* to distort the facts of a case or to make misleading arguments.

On appeal, defendant asks that his "conviction and judgment for Delivering Schedule II Controlled Substance Oxycodone to Undercover Officer . . . be vacated and dismissed and the defendant's conviction and judgment for trafficking should be vacated and remanded for a new trial."

Since the trial court arrested judgment in case 10 CRS 52312, delivery of oxycodone to an undercover officer, that case is not properly before this Court. However, in the case that is properly before this Court, case 10 CRS 52305, trafficking in opium, defendant argues that the admission of Kirkland's report was in error and mandates a new trial. However, Kirkland's report did not deal with the drugs that were the basis of the trafficking charge. As to that charge, the analyst that tested those drugs, Lindley, testified at trial.

In arguing cases before an appellate court, counsel has a duty to apply the law to the facts of the case, not to twist the facts so that they fit a legal theory that will allow them to prevail in the case.

I would impose sanctions upon counsel for the defendant pursuant to N.C.R. App. P. 34(a)(3) based upon a gross disregard of "the requirements of a fair presentation of the issues to the appellate court." I would further require that counsel for the defendant submit a copy of this opinion to the Office of the Appellate Defender.